IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATSY ANN REDDICK**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   Civil No. **08-844-CJP** |
| | ) |
| **DILLARD'S INC.**, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

The above-captioned action is premised upon plaintiff Patsy Ann Reddick's September 3, 2007, "trip and fall" over a footstool in the shoe department of defendant Dillard Store Services St. Clair Square store. The fall itself is undisputed. (*See* **Doc. 30, p. 2; and Doc. 31, p. 1**). Before the Court is defendant Dillard Stores' motion for summary judgment. (**Doc. 30.**) Defendant contends that the evidence does not support legal liability for plaintiff Reddick's trip and fall based on the theory of a premises liability, or the *res ipsa loquitur* doctrine. In a two-part response, plaintiff Reddick contends there are material questions of fact that preclude summary judgment. (**Docs. 31 and 32.**) In reply, defendant argues that any factual disputes raised by plaintiff are immaterial or without merit. (**Doc. 35.**)

With respect to the premises liability:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to

1

protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

***Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 732 N.E.2d 596, 599-600, 247 (Ill.App. 2nd Dist.,2000) (quoting Restatement (Second) of Torts § 343 (1965)).** "Persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." ***Buchaklian*, 732 N.E.2d at 600 (citing *Bucheleres v. Chicago Park District,* 665 N.E.2d 826 (1996)).** "For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it." ***Buchaklian,* 732 N.E.2d at 600 (citing *Deibert v. Bauer Brothers Construction Co.,* 566 N.E.2d 239 (1990) andRestatement (Second) of Torts § 343A, Comment *b,* at 219 (1965)).** "'[T]he issue of whether a condition is obvious is determined by the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge.'" ***Buchaklian*, 732 N.E.2d at 602 (quoting *Menough v. Woodfield Gardens,* 694 N.E.2d 1038 (1998)).** Such questions are properly left to the trier of fact. ***Buchaklian*, 732 N.E.2d at 602.**

Plaintiff's second theory of liability is premised upon the *res ipsa loquitur* doctrine, which is actually a rule of evidence– a question of law to be decided by the Court. ***Heastie v. Roberts*, 877 N.E.2d 1064, 1076 (Ill. 2007)*; Britton v. University of Chicago Hospitals,* 889 N.E.2d 706, 709 (Ill.App. 1st Dist., 2008).** The doctrine of *res ipsa loquitur* requires that (1) the occurrence is one that ordinarily does not occur in the absence of negligence; and (2) the defendant had exclusive control of the instrumentality that caused the injury. ***Heastie*, 877 N.E.2d at 1076; *Britton,* 889 N.E.2d at 709.** "[T]he *res ipsa loquitur* doctrine applies only when the facts proved by the plaintiff admit of the single inference that the accident would not

have happened unless the defendant had been negligent." *Britton*, **889 N.E.2d at 709.**

> Clearly if two reasonable inferences are deducible from the same facts, one of which comports with defendant's responsibility and the other is directly *contra* thereto, neither should be indulged to permit recovery by use of the doctrine of *res ipsa loquitur* for the apparent reason that, if such a practice is permissible, a jury is called upon to enter the field of speculation and engage in a guessing contest.

*Britton*, **889 N.E.2d at 709.** [1]

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ." **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986).** The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Inc. Co.,* **123 F.3d 456, 461 (7th Cir. 1997) (citing** *Celotex,* **477 U.S. at 323).**

In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Regensburger v. China Adoption Consultants, Ltd.,* **138 F.3d 1201, 1205 (7th Cir. 1998).** If the

---

[1]Plaintiff relies heavily on the following passage in *Heastie* :

> In setting forth the second element, some authorities speak of "management and control" rather than "exclusive control," but the terms have come to be viewed as interchangeable. In either case, the requisite control is not a rigid standard, but a flexible one in which the key question is whether the probable cause of the plaintiff's injury was one which the defendant was under a duty to the plaintiff to anticipate or guard against.

*Heastie*, **877 N.E.2d at 1076.** However, that passage is taken out of context. The Illinois Supreme Court went on in that decision to reiterate the traditional interpretation of the doctrine, that it is inapplicable where there is evidence that the defendant did not have exclusive control over the instrumentality causing the injury. *Heastie*, **877 N.E.2d at 1077 (noting that** *Heatsie* **turned on the sufficiency of the pleadings).**

moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison,* **446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted);** *Celotex,* **477 U.S. at 322-26;** *Johnson v. City of Fort Wayne,* **91 F.3d 922, 931 (7th Cir. 1996).** If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson,* **477 U.S. at 249-250 (citations omitted);** *accord Strazenski v. City of Elkhart,* **87 F.3d 872, 880 (7th Cir. 1996);** *Tolle v. Carroll Touch, Inc.,* **23 F.3d 174, 178 (7th Cir. 1994).** However, when all the Court has before it are the parties' diametrically opposed statements on the critical and ultimate issues of fact, the Court must pass the case to the next phase of litigation.

From defendant's perspective, the footstool that plaintiff tripped over was an open and obvious condition. Furthermore, defendant asserts that there is no evidence regarding who placed the stool in its location or how long it had been there; therefore defendant cannot be said to have actual or constructive knowledge of the condition. Relative to the *res ips loquitur* doctrine, defendant contends that the evidence shows the stool was not within defendant's exclusive control.

A review of the evidence reveals material questions of fact remain relative to the premises liability theory. More specifically, it is unclear whether the footstool presented an "open and obvious" potentially dangerous condition. The deposition testimony of Voncile Walking Bull, the clerk waiting on plaintiff, indicates that Walking Bull had preceded plaintiff to the checkout counter and was watching plaintiff walk toward the stool, which was partially protruding from under a display table, against company policy. **(Doc. 31-1, pp. 19, 22, 23, 26,**

**30 and 31.**) Walking Bull saw the stool, and she saw plaintiff trip and fall. *Id.* The photo of the shoe department area where the incident occurred– which Walking Bull testified about and marked on to indicate how the stool was protruding– is not easily read and leaves questions of interpretation that are the prerogative of the jury. (**Doc. 31-2.**) Similarly, Walking Bull's testimony leaves key questions regarding timing, whether there was an unreasonable risk, whether Walking Bull should have or could have warned plaintiff. Therefore, defendant is not entitled to summary judgment regarding premises liability.

Although there is no evidence of how or when the stool was placed, Walking Bull and Belynda Magby Harris, another store employee, both testified that they have observed foot stools being left in an aisle or where they weren't supposed to be, and that customers and children had moved the stools. (**Doc. 30-4, p. 2; Doc. 30-6, p. 2.**) In a high-traffic, public area such as the shoe department, where there is causal uncertainty, the doctrine of res ipsa loquitur is inapplicable. Therefore, defendant is entitled to summary judgment relative to that theory of liability.

**IT IS THEREFORE ORDERED** that defendant Dillard Store Services' motion for summary judgment (**Doc. 30**) is **GRANTED IN PART AND DENIED IN PART**. Defendant is entitled to summary judgment with respect to plaintiff's claim based on the *res ips loquitur* doctrine. Plaintiff's claim of negligence based on premises liability shall proceed to trial.

**IT IS SO ORDERED.**

**DATED: April 30, 2010**                                 **s/ Clifford J. Proud**
                                                          **CLIFFORD J. PROUD**
                                                          **U. S. MAGISTRATE JUDGE**