IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATSY ANN REDDICK**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **08-844-CJP** |
| | ) |
| **DILLARD STORE SERVICES, INC.**, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant Dillard Store Services' motion to quash the subpoena served on Dr. Vilray Blair by plaintiff, commanding Dr. Blair to appear in person at trial. **(Doc. 52.)** Defendant argues that plaintiff did not list Dr. Blair as a potential witness in the final pretrial order; Dr. Blair would be required to travel from Oregon; and Dr. Blair has not been paid the required fees. Defendant further observes that the final pretrial order reflects that, insofar as defendant listed Dr. Blair as a witness, the doctor's videotaped deposition was to be used.

The subject motion was filed just days before the commencement of trial, not allowing the usual response period. The Court need not await a response from plaintiff, as the subpoena is fatally flawed from a purely procedural perspective.

A review of the final pretrial order **(Doc. 43)** reveals that plaintiff did not list Dr. Blair as a potential witness. However, defendant listed Dr. Blair as a potential witness. The Court's practice is to allow any party to call a listed witness, regardless of which party listed the witness. With that said, the final pretrial order indicates that Dr. Blair's testimony is to be by video, meaning his videotaped deposition testimony would be used. Therefore, calling Dr. Blair to

1

testify live is in derogation of the agreement represented in the final pretrial order.  Moreover, the subpoena issued to Dr. Blair violates Federal Rule of Civil Procedure 45.

    Dr. Blair has moved from the St. Louis area to Oregon.  Federal Rule of Civil Procedure 45(b)(2)(B) only permits *service* of a subpoena within a 100 mile radius of the trial setting.  Oregon is certainly outside the prescribed radius, but Dr. Blair was served with the subpoena when he returned to St. Louis to sell his home.  Nevertheless, Rule 45(c) dictates that undue burden and expense should be avoided.  Therefore, regardless of how clever plaintiff was in serving Dr. Blair, requiring the doctor to travel from Oregon for trial– particularly when his deposition was videotaped– imposes undue burden and expense.  Furthermore, Rule 45 (b)(1) requires that the witness fee and mileage allowance be paid in advance, but were not, according to Dr. Blair's affidavit.

    **IT IS THEREFORE ORDERED** that defendant Dillard Store Services' motion to quash the subpoena served on Dr. Vilray Blair **(Doc. 52)** is **GRANTED**. Dr. Blair need not personally appear at trial.

    **IT IS SO ORDERED.**

    **DATED: August 2, 2010**                                      s/ Clifford J. Proud
                                                                            **CLIFFORD J. PROUD**
                                                                            **U. S. MAGISTRATE JUDGE**